**UNITED STATES of America,**

v.

**Larnell Devon MORRISON, a/k/a "L"**

**Larnell Devon Morrison,**
**Appellant.**

**No. 01–2652.**

United States Court of Appeals,
Third Circuit.

Submitted May 7, 2002.

Decided May 23, 2002.

Before NYGAARD, ALITO, and ROSENN, Circuit Judges.

## OPINION OF THE COURT

ROSENN, Circuit Judge.

In November 2000, Larnell Devon Morrison pled guilty to possession with intent to distribute a controlled substance in violation of 21 U.S.C. 841(a)(1). At sentencing, the District Court found certain of the controlled substance to be crack cocaine, and the remaining to be powdered cocaine, and sentenced him to 136 months of imprisonment. Morrison filed this timely appeal solely contesting the factual finding of the District Court that certain of the controlled substance was crack cocaine. We affirm.

### I.

Because the parties are familiar with the facts, we recite only those essential for our disposition. In September 1999, the Federal Bureau of Investigation and the Bureau of Narcotics Investigation in the Office of the Pennsylvania Attorney General (BNI) jointly commenced an investigation into drug trafficking around Harrisburg, Pennsylvania. The BNI used a personal acquaintance of Morrison as a confidential informant (CI). Between December 1999 and March 2000, the CI purchased crack cocaine from Morrison on five different occasions, each involving varying grams of crack cocaine. After the last controlled buy in March 2000, 117.7 grams of powdered cocaine, as well as drug paraphernalia, were seized during the execution of a search warrant at Morrison's home.

Morrison pled guilty to a one count information of possession with intent to distribute a controlled substance in violation of 21 U.S.C. 841(a)(1). The District Court found Morrison accountable for 217.7 grams of crack cocaine and 117.7 grams of powdered cocaine. Based on the above findings, Morrison's sentencing range under the Sentencing Guidelines was 121–151 months. The District Court sentenced him to 136 months of imprisonment. Morrison filed this timely appeal solely contesting the District Court's finding 217.7 grams of cocaine to be crack cocaine.

### II.

The United States Sentencing Guidelines 2D1.1 provides enhanced penalties for a controlled substance conviction if the substance involved is cocaine base. It defines cocaine base to be crack. U.S.S.G. 2D.1.1, Note D to Drug Quantity Table. Crack "is the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rock like form." *Id.* We have made clear that cocaine base as that term is used in the Sentencing Guidelines is not merely any form of cocaine base, but a form of cocaine base referred to as crack. *United States v. James,* 78 F.3d 851, 855–58 (3d Cir.1996).

The District Court found 217.7 grams of cocaine to be crack cocaine, and the defendant subject to the enhanced penalties. Morrison challenges that factual finding. This Court reviews the District Court's finding of fact for clear error. *United States v. Holman,* 168 F.3d 655, 660 (3d Cir.1999). Under the clear error standard, "[f]actual findings are clearly erroneous if the findings are unsupported by substantial evidence, lack adequate evidentiary support in the record, are against the clear weight of the evidence or where the district court has misapprehended the weight of the evidence." *United States v. Roman,* 121 F.3d 136, 140 (3d Cir.1997) (quoting *Davin v. DOJ,* 60 F.3d 1043, 1049 (3d Cir.1995)). The District Court's factual findings during sentencing cannot be disturbed unless this Court is "left with a definite and firm conviction that a mistake has been made." *Holman,* 168 F.3d at 660.

During sentencing, "the character of the drug substance need not be shown beyond a reasonable doubt, but only by a preponderance of the evidence." *Id.* at 658 (emphasis added). To satisfy its burden, we have held that "the government must present reliable and specific evidence that the substance in question is crack," *id.,* but the

Government need not provide chemical analysis nor is 100% certainty required in order to satisfy the evidentiary burden. *Id.* at 660; *United States v. Roberson,* 194 F.3d 408, 417 (3d Cir.1999); *United States v. Dent,* 149 F.3d 180, 190 (3d Cir.1998).

During the sentencing hearing, the Government called two witnesses: (1) James J. DiSarno, a forensic chemist with the DEA, and (2) Christopher Juba of the BNI. DiSarno testified that all five samples he analyzed were cocaine base, but he could not conclude whether the cocaine base was crack as is required for the enhanced penalties. Juba testified that the CI used during the investigation of Morrison negotiated purchases for only crack cocaine. Based on his own experience, he also testified that the purchase price was consistent with crack cocaine. The purchased substance, he further testified, was in the shape of a "cookie," which he testified is consistent with crack cocaine. Lastly, he testified that all recorded conversation between Morrison and the CI involved a purchase of crack cocaine.

Morrison testified that he manufactured the cocaine sold to the CI by beating the cocaine with hammer, adding water and baking soda, and air drying it. However, he testified that the substance he prepared did not ignite. Therefore, he contended, the substance sold was not crack cocaine as defined in Note D. In rejecting Morrison's testimony, the District Court explained that the CI would not have repeatedly dealt with Morrison if he thought the substance was not crack cocaine. Based upon the above testimony, the District Court found that the seized substance was crack cocaine.

Morrison argues that the District Court erred because the chemist could not testify that the cocaine base conformed to the Note D definition of crack. He argues that Juba's testimony that the substance looked like crack cocaine, and was sold as crack cocaine does not cure the deficiency in the chemist's testimony. Morrison admits that testimony without any chemical analysis has been deemed sufficient, as in *United States v. Roman,* to satisfy the evidentiary burden.

Notwithstanding the chemist's inability to conclude from his laboratory analysis that the substance he analyzed was the form of cocaine base referred to as crack, we see no error by the District Court in its crack finding, especially in light of the deferential standard of review and the preponderance of the evidence standard applicable during sentencing. Despite a lack of testimony by the chemist on the form of the cocaine base, we held in *Dent* that when the chemist's testimony was combined with the officer's testimony in that case, there was sufficient evidence to satisfy the Government's burden and to affirm the District Court's factual finding that the substance was crack cocaine. 149 F.3d 180, 190 (3d Cir.1998). Likewise in *United States v. Holman,* we held that a chemist's testimony that the substance was cocaine base, without identifying the form of cocaine base, when supplemented with the testimony of two experienced detectives was sufficient to conclude that the District Court did not clearly err. 168 F.3d 655, 658–60 (3d Cir.1999).

### III.

For the foregoing reasons, the judgment of the District Court will be affirmed.